**SO ORDERED.**

**SIGNED this 26 day of November, 2013.**



_____
**A. Thomas Small**
**United States Bankruptcy Court Judge**

_____

```
            UNITED STATES BANKRUPTCY COURT
          EASTERN DISTRICT OF NORTH CAROLINA
                  GREENVILLE DIVISION
```

IN RE:

TANGLEWOOD FARMS, INC.                    CASE NO. 10-06719-8-ATS
OF ELIZABETH CITY,                        CHAPTER 7

    DEBTOR.

JAMES B. ANGELL, TRUSTEE,

    PLAINTIFF,

vs.                                       ADVERSARY PROCEEDING
                                          NO. 12-00186-8-ATS
MEHERRIN AGRICULTURAL &
CHEMICAL COMPANY AND
CNH CAPITAL AMERICA, LLC,

    DEFENDANTS.

### ORDER DENYING REQUEST FOR CERTIFICATION

The matter before the court is the request of the plaintiff, James B. Angell, chapter 7 trustee for Tanglewood Farms, Inc. of Elizabeth City, for certification of a final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure made applicable in this adversary proceeding by Rule 7054(a) of the Federal Rules of Bankruptcy Procedure.  A hearing

was held in Raleigh, North Carolina on November 25, 2013.  The request will be denied.

This is an adversary brought by the chapter 7 trustee against Meherrin Agricultrual & Chemical Company and CNH America LLC to recover fraudulent transfers, preferential transfers, and post-petition transfers.  On April 8, 2013, Bankruptcy Judge J. Rich Leonard entered an order allowing in part and denying in part CNH's motion to dismiss.  On May 1, 2013, Judge Leonard, entered an order allowing Meherrin's motion to dismiss and the trustee appealed to the district court.

The order dismissing all claims against Meherrin is not a final order because there are claims in this adversary proceeding remaining against co-defendant CNH.  Nevertheless, the appeal is progressing in the district court.  The trustee has asked for an order of this court to certify the judgment against Meherrin as final and Meherrin did not file an objection and did not appear at the hearing to oppose the motion.  However, Meherrin has apparently raised the issue of finality of the order in its appellate brief.

CNH did object to the motion for certification and argues that this court after the appeal was taken no longer has the authority to certify the order as final.  CNH's real concern is that if the appeal goes forward in the district court the adversary proceeding in the bankruptcy court will be stayed.

2

According to CNH some of its defenses are common to Meherrin and that CNH wants to avoid inconsistent rulings.  That, however, would be Meherrin's problem not that of CNH.  Meherrin has not objected to the certification and there is no reason to delay certification except that the issue has been raised in the district court and it should be up to the district court to decide whether it will grant leave to appeal.  Whatever that court's decision will be, there is no reason to delay this adversary proceeding and it will proceed whether or not the appeal goes forward.

       Accordingly, the motion to certify is **DENIED**.

**END OF DOCUMENT**